## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Dean McCullough,<br><br>                Plaintiff,<br><br>v.<br><br>ProCollect, Inc.; and DOES 1-10, inclusive,<br><br>                Defendants. | Civil Action No.: 6:14-cv-00249<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

For this Complaint, the Plaintiff, Dean McCullough, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA"), by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. The Plaintiff, Dean McCullough ("Plaintiff"), is an adult individual residing in Idabel, Oklahoma, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant ProCollect, Inc. ("ProCollect"), is a Texas business entity with an address of 12170 North Abrams Road, Suite 100, Dallas, Texas 75243, operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(10).

5. Does 1-10 (the "Collectors") are individual collectors employed by ProCollect and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. ProCollect at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. An individual unknown to Plaintiff (the "Debtor") but believed to be named "Bethany Turner" allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to ProCollect for collection, or ProCollect was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. The Facts

11. Beginning during the month of November 2013, ProCollect contacted Plaintiff in an attempt to collect the Debt from the Debtor.

12. At all times mentioned herein, ProCollect contacted Plaintiff by placing calls to Plaintiff's cellular phone, number 580-xxx-0250, using an automated telephone dialer system ("ATDS") and/or an artificial or prerecorded voice.

13. When Plaintiff answered ATDS calls from ProCollect, he would hear a prerecorded message intended for the Debtor, "Bethany Turner", an individual about who Plaintiff had no knowledge. The message instructed Plaintiff to hang up if he was not the Debtor.

14. Plaintiff has never provided ProCollect nor the Creditor with his cellular telephone number, and has never given either party express consent to place calls to him using an ATDS or with artificial or prerecorded voices.

15. Frustrated with the calls to his cell phone, on or about December 3, 2013, Plaintiff waited on the line to be connected to a live representative. Plaintiff informed ProCollect that he was not the Debtor and the Debtor could not be reached at his cellular telephone number, and requested that the calls to his cellular phone cease.

16. Despite Plaintiff's request and the knowledge that the Debtor could not be reached at Plaintiff's number, ProCollect continued to harass Plaintiff at a rate of one to two ATDS calls on a daily basis.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq*.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the Debtor's debt on numerous occasions, without being asked to do so.

19. The foregoing acts and omissions of the Defendants constitute violations of the FDCPA.

20. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq*.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Without prior express consent the Defendants contacted Plaintiff by means of automatic telephone calls or prerecorded messages to his cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants placed automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call his number and despite Plaintiff advising ProCollect that it had the wrong number and to cease all calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

24. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

27. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

3. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

4. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

Dated: June 23, 2014

>Respectfully submitted,
>
>By   /s/ Sergei Lemberg
>
>Sergei Lemberg, Esq.
>LEMBERG LAW L.L.C.
>1100 Summer Street, 3rd Floor
>Stamford, CT 06905
>Telephone: (203) 653-2250
>Facsimile:  (203) 653-3424
>E-Mail: slemberg@lemberglaw.com
>Attorneys for Plaintiff