## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Dean McCullough,<br><br>                Plaintiff,<br>v.<br><br>ProCollect, Inc.; and DOES 1-10, inclusive,<br><br>                Defendants. | Civil Action No.: 6:14-cv-00249-SPS<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

      Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff, Dean McCullough, by undersigned counsel, submits his First Amended Complaint as follows:

### JURISDICTION

      1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA"), by the Defendants and its agents in their illegal efforts to collect a consumer debt.

      2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

      3.      The Plaintiff, Dean McCullough ("Plaintiff"), is an adult individual residing in Idabel, Oklahoma, and is a "person" as defined by 47 U.S.C. § 153(10).

      4.      Defendant ProCollect, Inc. ("ProCollect"), is a Texas business entity with an address of 12170 North Abrams Road, Suite 100, Dallas, Texas 75243, operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(10).

    5.    Does 1-10 (the "Collectors") are individual collectors employed by ProCollect and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

    6.    ProCollect at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

    7.    An individual other than Plaintiff (the "Debtor") but believed to be named "Bethany Turner" allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

    8.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

    9.    The Debt was purchased, assigned or transferred to ProCollect for collection, or ProCollect was employed by the Creditor to collect the Debt.

    10.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. The Facts

    11.    Beginning during the month of November 2013, ProCollect contacted Plaintiff in an attempt to locate the Debtor ("Bethany Turner") regarding the Debt.

    12.    Plaintiff does not know the Debtor and she cannot be reached at his number.

13. At all times mentioned herein, ProCollect contacted Plaintiff by placing calls to Plaintiff's cellular phone, number 580-xxx-0250, using an automatic telephone dialing system ("ATDS") and by using an artificial or prerecorded voice.

14. When Plaintiff answered ATDS calls from ProCollect, he would hear a prerecorded message which instructed Plaintiff to hang up if he was not the Debtor.

15. Plaintiff never provided ProCollect or the Creditor with his cellular telephone number, and never gave either party express consent to place calls to him using an ATDS or with an artificial or prerecorded voice.

16. Frustrated with the calls to his cell phone, on or about December 3, 2013, Plaintiff waited on the line to be connected to a live representative. At that time, Plaintiff informed ProCollect that he was not the Debtor, he did not know the debtor, and the Debtor could not be reached at his cellular telephone number, and requested that the calls to his cellular phone cease.

17. Despite Plaintiff's request and the knowledge that the Debtor could not be reached at Plaintiff's number, ProCollect continued to harass Plaintiff at a rate of one to two ATDS calls daily.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq*.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the Debtor's debt on numerous occasions, without being asked to do so.

20. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The foregoing acts and omissions of the Defendants constitute violations of the FDCPA.

22. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq*.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully stated herein.

24. Without prior express consent the Defendants contacted Plaintiff by means of automatic telephone calls or prerecorded messages to his cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

25. Defendants placed automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call his number and despite Plaintiff advising ProCollect that it had the wrong number and to cease all calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

26. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

27. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28.   As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

29.   As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
3. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
4. Punitive damages; and
5. Such other and further relief as may be just and proper.

Dated: August 21, 2014

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: slemberg@lemberglaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2014, a true and correct copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Oklahoma using the CM/ECF system which sent notice of such filing to the following:

    Kirk D. Willis
    The Willis Law Group (Dallas)
    10440 N Central Exp, Ste 520
    Dallas, TX 75231

                                          By /s/ Sergei Lemberg
                                              Sergei Lemberg, Esq.